**FOLK et al. v. CONTINENTAL CAN CO., Inc.**

No. 4302.

Circuit Court of Appeals, Fourth Circuit.
June 6, 1938.

Randolph Murdaugh, of Hampton, S. C., for appellants.

H. L. Erckmann, of Charleston, S. C., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and HAYES, District Judge.

NORTHCOTT, Circuit Judge.

This is an action at law, brought in January, 1935, in the District Court of the United States for the Eastern District of South Carolina, at Aiken, by the Continental Can Company, Inc., a New York corporation, here referred to as. the plaintiff, against the South Carolina Packing Corporation Cooperative, a South Carolina corporation, here referred to as the Cooperative, T. H. Tuten, J. L. Folk, W. Fred Lightsey, J. B. O'Neal and R. H. Pollock. The Cooperative filed an answer and set up a counterclaim. Appellants J. L. Folk, W. Fred Lightsey, and J. B. O'Neal, here referred to as the defendants, also filed an answer. Of the other defendants named in the complaint R. H. Pollock had not been served with process and T. H. Tuten had died.

The object of the action was first to recover the sum of $2,954.11, with interest from August 1, 1931, and attorney's fee, alleged to be due the plaintiff from the Cooperative on a note the payment of which, it was charged, had been guaranteed by the individual defendants and for a second cause of action to recover $604.03 on an account alleged to be due the plaintiff from the Cooperative.

A trial was had in October, 1937, and at the conclusion of plaintiff's evidence a motion was made on behalf of the three individual answering defendants for a nonsuit. This motion was refused by the court as to the first cause of action and granted as to the second cause of action. At the conclusion of all the evidence the court directed a verdict for the plaintiff and judgment was entered against the Cooperative, J. L. Folk, W. Fred Lightsey and J. B. O'Neal. From this action of the court below the three individuals brought this appeal.

The sole question involved is whether the defendants are liable as guarantors for the debt represented by the note sued on.

The South Carolina Packing Company was a Delaware corporation, domesticated in South Carolina, and operated a canning business at Fairfax, South Carolina. In March, 1929, this company entered into a written contract with the plaintiff to buy cans to be used in packing food products. The contract was to run until December 31, 1931. The plaintiff requiring security a written guarantee was given by the five directors on May 13, 1929. The guarantee was for the debts of the Packing Company to the plaintiff and included all notes evidencing such debts with clauses waiving notices of default, extension of time, etc., and was to continue in force until a written notice was given the plaintiff of its termination. This guarantee read as follows:

"Know all men, that in consideration of One Dollar and other good and valuable considerations, the receipt whereof is hereby acknowledged, the undersigned do hereby jointly and severally guarantee to the Continental Can Company, Inc., of New York, N. Y., the payment to it for merchandise ordered by and sold and delivered to and/or for the payment of closing machine leasals, insurance charges, and charges for machine parts and installation of can runway incurred by South Carolina Packing Corporation, Fairfax, South Carolina, together with all expenses of collection including reasonable attorneys fees.

"The undersigned do hereby jointly and severally expressly waive notice of default in the payment of any indebtedness guaranteed hereby and do furthermore expressly waive the necessity of presentment of any note or notes evidencing any such indebtedness and waive notice of default in the due and punctual payment or in the nonpayment of any such note, and does consent that said indebtedness or any portion thereof may be extended from time to time.

"This guarantee to continue until written notice of revocation is served upon the Continental Can Company, Inc., at its office in New York, N. Y., by the undersigned.

"Dated at Fairfax, South Carolina, this 13th day of May, 1929.

/s/ R. H. Pollock
"Witness W. M. Lightsey          (Seal)
/s/ T. H. Tuten
"Witness W. M. Lightsey          (Seal)
/s/ W. Fred Lightsey
"Witness W. M. Lightsey          (Seal)
/s/ J. L. Folk
"Witness W. M. Lightsey          (Seal)
/s/ J. B. O'Neal
"Witness W. M. Lightsey          (Seal)."

On May 14, 1930, the South Carolina Packing Corporation Cooperative was organized and received a charter from the State of South Carolina. The new company took over the assets of the Delaware company. The officers and directors of the Cooperative were substantially the same as those of the old company. The charter of the Delaware company was surrendered in October, 1930.

Under the written contract with the Packing Company the plaintiff shipped five cars of cans on the following dates, May 28, May 31 (two cars), June 5 and June 7, 1930. Upon request of an officer of the Packing Company, who was also an officer of the new company, the cars were released to the Cooperative, the new company. The agreed price of the cans was charged on the books of the plaintiff to the Delaware Company and not to the Cooperative. On September 18, 1930, the Cooperative company executed three notes in settlement of this account against the old company. Two of these notes were for $2,954, each and the third note was for $2,954.11. They were due in thirty, sixty and ninety days. The first two notes were paid; the last note, renewed from time to time, is the note sued upon here.

On May 25, 1931, the note still being unpaid and the Cooperative wishing to con-

tinue its business with the plaintiff, the following letter was written the credit manager of the plaintiff:

"South Carolina Packing Corporation Cooperative
"Fairfax, S. C.
"May 25th, 1931.

"Mr. Nelson Schuster, Credit Manager, Continental Can Company, Baltimore, Md.

"Dear Sir: We wish to say we appreciate your offer to extend our guarantee you hold for cans that have not yet been paid for; and also that you will ship us three (3) carloads of cans to begin this season's pack with, on open billing.

"We will guarantee that all obligations to the Continental Can Company will be paid on or before October 1st, 1931.

"This agreement is made with the understanding the current year's credit to be taken care of promptly upon receipt of funds for hypothecated goods with the Federal Intermediate Credit Bank.

"Thanking you for this concession, we beg to remain,

"Yours very truly,
"South Carolina Pkg. Corp. Cooperative.
"By T. H. Tuten,
"T. H. Tuten, Pres. & Treas.
"By T. H. Tuten,    Director
"By J. L. Folk,    Director
"By W. Fred Lightsey,    Director
"By H. McM. Williams,    Director
"By J. M. Thomas,    Director
"By Joe L. Folk,    Director
"By J. B. O'Neal,    Director."

On May 29, 1931, J. B. O'Neal, secretary of the Cooperative, wrote the plaintiff stating:

"We mailed you this afternoon agreement signed by all our directors, guaranteeing the old account owed by our corporation and also cans and supplies."

Numerous shipments of cans were made to the Cooperative by the plaintiff and other transactions were had between the two companies until the Cooperative finally failed, leaving the note in question here unpaid.

It is contended on behalf of the defendants that the guarantee given by them dated May 13, 1929, only covered debts incurred by the Delaware corporation, and not the debts due the plaintiff from the Cooperative; that the note sued upon was given for a debt of the Cooperative and was not covered by the guarantee given. We do not think this contention is sound.

The five cars of cans were shipped under the contract with the Delaware corporation and under the guarantee given by the defendants. The fact that the cars were released to the Cooperative at the request of one of the defendants, an officer of the Delaware Company, who was also an officer of the Cooperative, did not release the Delaware Company from the payment of the obligation, an obligation the three defendants had guaranteed. Nor did the fact that the Cooperative later gave its note for the payment of the debt release the guarantors until the debt was paid. The defendants were officers of both companies and are charged with knowledge of all the transactions involving the debt due the plaintiff. The business of the old company was conducted as usual by the Cooperative with substantially the same officers and with the same assets which the new company had absorbed.

"But where the principal is a corporation, a change simply in its name, without any change in its business, does not discharge the guarantor, especially where such change is participated in by the guarantor as stockholder in the corporation, or is not opposed by him." 28 Corpus Juris, 994.

The defendants in signing the second guarantee of May 25, 1931, acknowledged the original guarantee as still existing, as to the note sued on, recognized their liability for its payment and renewed their guarantee of payment. Under these circumstances they will not be heard to deny liability. Holcomb v. People's Trust Company, 6 Cir., 205 F. 491. Even should it be held that the original guarantee was ended or that it never existed as to this particular debt, the defendants are clearly liable under the last guarantee which covered all obligations to the plaintiff.

It is contended on behalf of the defendants that the guarantee of May 25, 1931, was never properly pleaded. We are of the opinion that it was. The complaint charges that the defendants had agreed in writing to pay the note sued on. This could have referred only to the last written guarantee, the one dated in 1931, the original guarantee being given before the note was first executed. The last guarantee was introduced in evidence, was signed by the defendants and shows that they recognized the original guarantee as being still

in existence and that it covered the debt for which the note was given.

The defendants are liable on their written promises and the action of the judge below in directing a verdict for the plaintiff was correct.

Affirmed.